1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GREATER SACRAMENTO CERTIFIED
     DEVELOPMENT CORPORATION,
11
                Plaintiff,                        No. 2:11-CV-01865-KJM-CKD
12
            vs.
13
     PLACER TITLE COMPANY, VIRGINIA M.
14   NURISSO, MARTA SCHULZE, KEVIN G.
     SCHULZE, CHRISTOPHER J. SCHULZE,
15   TRISTA J. SCHULZE, ABLE ENTERPRISES,
     LLC, JOHN GARY SCHULZE, JOHN GARY
16   SCHULZE AND MARTA S. SCHULZE
     FAMILY REVOCABLE TRUST DATED
17   JANUARY 8TH 1997,

18              Defendants.                       ORDER

19   _____/

20              On September 28, 2012, defendant Placer Title Company ("Placer") filed a

21   motion to dismiss the sole claim of plaintiff Greater Sacramento Certified Development

22   Corporation ("GSCDC") against Placer, based on lack of subject matter jurisdiction under

23   Federal Rule of Civil Procedure 12(b)(1).  (ECF 54.)  GSCDC filed an opposition on October 19,

24   2012 (ECF 55) and Placer submitted its reply on October 29, 2012 (ECF 58).  For the reasons

25   explained below, Placer's motion to dismiss is GRANTED.

26   /////

                                              1

I. <u>BACKGROUND</u>

GSCDC filed its complaint on July 14, 2011, against Placer, as well as defendants Virginia M. Nurisso, John Gary Schulze, Marta Schulze, Kevin G. Schulze, Christopher J. Schulze, Trista J. Schulze, John Gary Schulze and Marta S. Schulze for the John Gary Schulze and Marta S. Schulze Family Revocable Trust Dated January 8th 1997 and Able Enterprises, LLC (collectively, "Guarantors").  (Compl., ECF 1.)  GSCDC alleges that on January 24, 2003, Guarantors signed a guarantee of repayment for a loan of $1.3 million from GSCDC to Roseville Fuel Plaza, LLC ("Roseville Fuel"), secured by property in Roseville, California (the "Roseville Property") and assigned to the U.S. Small Business Association ("SBA").  (*Id.* ¶¶ 14-16; Ex. A, ECF 1-2; Ex. B, ECF 1-3.)  Prior to the loan from GSCDC, the Roseville Property was already encumbered by a Deed of Trust held by Greater Bay Bank ("GBB").  (Compl. ¶ 17, ECF 1.) At some point before July 29, 2005, Roseville Fuel defaulted on both loans and GBB initiated foreclosure proceedings on the Roseville Property.  (*Id.* ¶¶ 18-19.)  Roseville Fuel then obtained a third loan, which it used to repay the loan from GBB and a portion of the loan from GSCDC, avoiding foreclosure.  (*Id.* ¶ 19.)

SBA entered into an agreement (the "Subordination Agreement") with Placer, the escrow company processing the third loan, which specified that the loan funds could only be released to "satisfy debt secured by a lien(s) presently superior to the lien of the SBA Deed of Trust . . . ."  (*Id.* ¶¶ 20-22; Subordination Agreement, Ex. E, ECF 1-5.)  Roseville Fuel subsequently received $159,368.15 from escrow in violation of this term of the Subordination Agreement and defaulted on its loan from GSCDC.  (Compl. ¶¶ 25-26, ECF 1.)

On July 1, 2011 SBA assigned the loan to Roseville Fuel and the guarantee agreement with Guarantors to GSCDC.  (*Id.* ¶ 27.)

/////

/////

/////

1    GSCDC's complaint contains two claims for "breach of agreement."  The first is

2  a claim against Placer for breach of the Subordination Agreement.  (*Id.* ¶ 28.)  The second is a

3  claim against Guarantors for breach of the guarantee agreement for the loan made to Roseville

4  Fuel.  (*Id.* ¶ 29.)

5  II.  <u>ANALYSIS</u>

6    Federal courts are courts of limited jurisdiction and, until proven otherwise, cases

7  lie outside the jurisdiction of the court.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511

8  U.S. 375, 377–78 (1994).  Lack of subject matter jurisdiction may be challenged by either party

9  or raised *sua sponte* by the court.  FED. R. CIV. P. 12(b)(1); FED. R. CIV. P. 12(h)(3); *see also*

10  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1999). A Rule 12(b)(1) jurisdictional

11  attack may be either facial or factual.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  In a

12  facial attack, the complaint is challenged as failing to establish federal jurisdiction, even

13  assuming all the allegations are true and construing the complaint in the light most favorable to

14  plaintiff.  *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

15    In its complaint, GSCDC alleges that federal subject matter jurisdiction exists

16  under 28 U.S.C. § 1345.[1]  (Compl. ¶ 1, ECF 1.) Section 1345 states that "the district courts shall

17  have original jurisdiction of all civil actions, suits or proceedings commenced by the United

18  States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."

19  /////

20  /////

21  /////

22  /////

23  /////

24  _____

25    [1] GSCDC also asserts in its complaint that federal subject matter jurisdiction exists under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all

26  civil actions arising under the Constitution, laws, or treaties of the United States." However, GSCDC does not name a provision of federal law that gives rise to its claims.

1   Although GSCDC itself is not a government agency, it is authorized by SBA to litigate in SBA's

2   place under the Premier Certified Lenders Program, 15 U.S.C. § 697e.  Specifically, the SBA:

3           may permit a company designated as a premier certified lender
            under this section to approve, authorize, close, service, foreclose,
4           litigate (except that the Administration may monitor the conduct of
            any such litigation to which a premier certified lender is a party),
5           and liquidate loans that are funded with the proceeds of a
            debenture issued by such company and may authorize the
6           guarantee of such debenture.

7   15 U.S.C. § 697e(e)(1). Placer contends that while Section 697e(e)(1) allows GSCDC to bring

8   suit to enforce the terms of the loan between GSCDC and Guarantors in federal court, it does not

9   allow GSCDC to litigate here the breach of the separate escrow agreement with Placer.  (Mem.

10  P. & A. in Supp. of Mot. to Dismiss at 5, ECF 54-1.)  Rather, the breach of the agreement should

11  be litigated in state court.  (*Id.* at 6.)

12          GSCDC argues that Section 697e(e)(1) should be read broadly as allowing

13  designated lenders to act on behalf of the SBA in all activities related to the administration of the

14  loan, which would include "lawsuits against third parties that have caused a diminution of the

15  loan proceeds," such as Placer.  (Mem. P. & A. in Opp'n to Mot. to Dismiss at 3, ECF 55.)

16  GSCDC contends that Section 697e(e)(2), which states that the SBA does not have final

17  approval over "decisions by [GSCDC] involving creditworthiness, loan closing, or compliance

18  with legal requirements imposed by law or regulation," further supports its argument that SBA

19  has delegated authority to GSCDC to act in SBA's place in all aspects of loan administration.

20  (*Id.* at 3-4.)  According to GSCDC, under *UMLIC VP LLC v. Matthias*, 364 F.3d 125 (3d Cir.

21  2004), GSCDC may take any action that SBA itself could take in the context of the loan, which

22  includes bringing suit against Placer in federal court.  (*Id.* at 2.)  In *Matthias*, a borrower

23  defaulted on a loan guaranteed by the SBA that was assigned to another lender at the time of

24  default.  *Id.* at 128-29.  The court held that because "the assignee of the United States stands in

25  the shoes of the United States," the lender could bring suit against the borrower to enforce the

26  /////

4

1   loan under the federal statute of limitations.  *Id.* at 132; *accord United States v. Thornburg*, 82

2   F.3d 886, 890-92 (9th Cir. 1996).

3         Here, GSCDC may not enforce its agreement with Placer in federal court under

4   Section 697e(e)(1), based on SBA's designation of the loan to Roseville Fuel.  While the

5   Premier Certified Lenders Program appears to give GSCDC considerable duties, it does so only

6   within the context of enforcing and managing loans.  The escrow agreement between Placer and

7   GSCDC, however, is separate from the agreement between GSCDC and the Guarantors

8   concerning the loan, unlike in *Matthias*, where allowing the lender to bring suit under the federal

9   statute of limitations was in the context of litigating the loan itself.  There is no basis for federal

10  jurisdiction over GSCDC's claim against Placer under 28 U.S.C. § 1345.

11        Accordingly, IT IS HEREBY ORDERED that defendant Placer's motion to dismiss is

12  GRANTED.

13  DATED:  December 18, 2012.

14

15  _____

16  UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26